UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNNY WALLS,                                                    :

                Plaintiff,                                   :

                -against-                                    :

NEW YORK CITY POLICE DEPARTMENT                                  :
(120th Pct. Robbery Squad Specifically),
NEW YORK STATE DISTRICT ATTORNEY                                 :
(Richmond and Bronx Counties Specifically),

                                                              :

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

05-CV-2200 (DLI)

DORA L. IRIZARRY, U. S. District Judge:

      Plaintiff Johnny Walls, who is currently incarcerated at Rikers Island, brings this pro se action pursuant to 42 U.S.C. §1983 ("§1983"), alleging, inter alia, that defendants improperly retained documents and photographs relating to a 1994 case in which criminal charges against plaintiff were dismissed. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. §1915 is granted. However, for the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. §1915A(b) for failure to state a claim upon which relief may be granted.

Background

      In December 28, 1994, plaintiff was arrested in Richmond County by unnamed officers of defendant New York City Police Department ("NYPD") on charges of attempted robbery and petit larceny. The District Attorney, Richmond County, elected to prosecute the case. As a result, plaintiff remained incarcerated on these charges until at least April 10, 1995, when the Criminal Court of the City of New York, Richmond County, adjourned the case in contemplation of dismissal.[1] Six months later, on October 10, 1995, Criminal Court dismissed the charges and released plaintiff on his own recognizance.

---

[1] Although plaintiff's complaint alleges that his case was adjourned in contemplation of dismissal on April 10, 1994, this Court assumes, based on other allegations in the complaint, that plaintiff meant 1995, not 1994.

Plaintiff alleges that even though the charges against him were dismissed, he has "remained a target of unwarranted Robbery detentions ... and Identifications by not only the 120th Precinct, but also by various other agencies." Complaint at ¶ IID. Plaintiff claims that he has been "forced to go through line-ups, embarrassing questionings and other ... identification proceedures (sic)." Id. Plaintiff implies that this unwanted police attention is attributable to the 1994 arrest and subsequent prosecution, and states that he "may [c]ontinue to be a victim and target of robbery investigations if no actions are [taken]." Id.

In January 2005, plaintiff commenced this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. Plaintiff's complaint, which was accompanied by a request to proceed in forma pauperis but not by the authorization form required by 28 U.S.C. § 1915(a)(2), alleges that the "unfounded allegations of Robberies" have caused him emotional distress and have "almost" ruined his marriage. Id. at ¶ III. The complaint requests money damages from both defendants and "an order removing such dismissal from the Dept. of Criminal Justice Services files." Id. at V.

By order dated April 12, 2005, Southern District Chief Judge Michael B. Mukasey transferred plaintiff's action to this Court. Judge Mukasey reasoned that, although the complaint alleges that plaintiff moved to the Bronx sometime after his release from custody in October 1995, "a substantial part of the alleged events giving rise to this claim occurred [in] Staten Island, located in the Eastern District of New York." Walls v. New York City Police Dept., No. 05-CV-3742, slip op. at 2 (S.D.N.Y. Apr. 12, 2005). Judge Mukasey declined to address issues regarding enforcement of 28 U.S.C. § 1915(a)(2) and transferred plaintiff's application to proceed in forma pauperis to this Court.

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Pursuant to 28 U.S.C. § 1915A(b), this Court has reviewed plaintiff's complaint and has determined that it fails to state a claim against the NYPD; the 120th Precinct, its Robbery Squad or its officers; or either the Richmond County or Bronx County District Attorneys. First, it is well established that the NYPD, as an agency of the City of New York, cannot be sued independently under 42 U.S.C. § 1983. Bailey v. New York City Police Dept., 910 F.Supp. 116, 117 (E.D.N.Y. 1996); see also Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992). Similarly, police precincts and robbery squads, as divisions or subdivisions of the NYPD, lack "independent legal existence" and also cannot be sued. Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing Dove v. Fordham Univ., 56 F.Supp.2d 330, 337 (S.D.N.Y. 1999), aff'd sub nom. Dove v. O'Hare, 210 F.3d 354 (2d Cir. 2000), and Wilson, 800 F.Supp. at 1101).

Although the City of New York can be sued, this Court declines to construe plaintiff's claims against the NYPD or the 120th Precinct Robbery Squad as claims against the City of New York. A municipality can be liable under §1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of the NYPD or its divisions or subdivisions were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York.

There is also no basis for a §1983 claim against individual NYPD officers. The complaint suggests two possible claims against these officers: false arrest and a knowing or negligent failure to comply with the sealing and expunging provisions of New York Criminal Procedure Law ("CPL") §160.50. As explained below, neither claim is viable under §1983; the former claim is barred by the statute of limitations and the latter claim alleges only a state statutory violation, not a violation of the Constitution or laws of the United States.

First, any false arrest claim arising from plaintiff's 1994 arrest is untimely. In New York State, the statute of limitations for actions brought pursuant to §1983 is three years. Owens v. Okure, 488 U.S. 235, 251 (1989); Paige v. Police Dept. of City of Schenectady, 264 F.3d 197, 199, n.2 (2d Cir. 2001). A false arrest claim accrues at the time of arrest or, if a favorable determination on the false arrest claim would have undermined the validity of a conviction stemming from that arrest, at

the time charges relating to the arrest are dismissed. See Covington v. City of New York, 171 F.3d 117, 119 (2d Cir.), cert. denied, 523 U.S. 946 (1999); Johnson v. City of New York, No. 01-CV-1860 (SJF), 2004 WL 502929, at *2 (E.D.N.Y. Jan. 12, 2004). Although it may be unclear precisely when plaintiff's false arrest claim accrued, it could not have accrued later than October 10, 1995 – the date on which the charges against plaintiff were dismissed. Since plaintiff did not bring this action until 2005, the three-year statute of limitations bars plaintiff from raising a false arrest claim relating to his 1994 arrest.

Second, any claim alleging a police failure to expunge from its records documents and photographs relating to this 1994 arrest cannot be raised under §1983. In order to maintain a §1983 action, a plaintiff must allege two essential elements: "(1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). However, plaintiff's expungement claim is predicated on state, not federal, law.

When a criminal case is dismissed following an adjournment in contemplation of dismissal pursuant to CPL §170.55, the defendant is "'entitled to the full benefit of the record sealing and expunging provisions' that attend an acquittal." Rothstein v. Carriere, 373 F.3d 275, 287 (2d Cir. 2004) (quoting Hollender v. Trump Vill. Coop., Inc., 58 N.Y.2d 420, 425, 461 N.Y.S.2d 765, 767 (1983)). Those "sealing and expunging provisions" are set forth in CPL §160.50, which requires, inter alia, that court records of the dismissed proceeding be sealed and that the police and/or "the division of criminal justice services" destroy or return all photographs, palmprints and fingerprints relating to the dismissed proceedings. CPL §160.50(1). These provisions, however, are not

5

constitutionally mandated. In 1991, the New York Court of Appeals reviewed the legislative history of CPL §160.50 and related, contemporaneous legislation and concluded that "[a] defendant has no inherent or constitutional right to the return of photographs, fingerprints or other indicia of arrest where charges are dismissed." People v. Patterson, 78 N.Y.2d 711, 715, 579 N.Y.S.2d 617, 618 (1991). Four years later, the New York Court of Appeals reaffirmed the holding in Patterson, stating that "a violation of CPL §160.50 does not implicate constitutional considerations." Charles Q. v. Constantine, 85 N.Y.2d 571, 575, 626 N.Y.S.2d 992, 994 (1995) (internal quotations omitted).

Prior to Patterson and Constantine, there was one case in this Circuit which sustained a §1983 claim based on a violation of CPL §160.50. See Anderson v. City of New York, 611 F.Supp. 481 (S.D.N.Y. 1985). In the fourteen years since Patterson was decided, however, "no court has sustained a section 1983 claim premised on a violation of CPL §160.50." Pritzker v. City of Hudson, 26 F.Supp.2d 433, 440 (N.D.N.Y. 1998) (citing cases). The Second Circuit Court of Appeals has not expressly held that a violation of CPL §160.50 cannot be redressed in a §1983 action. However, the Court has, in the context of a federal criminal appeal, rejected the argument that the government's use in a photo array of a defendant's photograph, retained in contravention of CPL §160.50, violated that defendant's constitutional rights. In discussing the retention of the photograph, the Second Circuit stated:

> There is no authority to indicate that [the defendant's] constitutional rights have been violated. At most, [the defendant's] may be able to argue that a New York court violated a statutory right under New York law. Cf. N.Y. Crim.Proc.Law § 160.50.

United States v. Jakobetz, 955 F.2d 786, 802 (2d Cir.), cert. denied, 506 U.S. 834 (1992). In light of Jakobetz and the uniformity of the post-Patterson caselaw from the lower courts in this Circuit,

this Court concludes that plaintiff cannot state a § 1983 claim based on the police's knowing or negligent failure to expunge photographs and other documents relating to plaintiff's 1994 arrest.

Plaintiff's claims against the Richmond or Bronx County District Attorneys are barred not only by the three-year statute of limitations discussed above, but by the doctrine of prosecutorial immunity. A prosecutor enjoys absolute immunity from suits arising from his or her actions as an advocate, unless the prosecutor was proceeding in the absence of all jurisdiction. See Buckley v. Fitzsimmons, 509 U.S. 259, 273-74 (1993); Zahrey v. Coffey, 221 F.3d 342, 346-47 (2d Cir. 2000); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). Even the initiation of an allegedly malicious prosecution falls within the scope of this immunity, since a prosecutor's decision whether or not to bring charges is an integral part of the prosecutor's adversarial function. See Powers v. Coe, 728 F.2d 97, 104 (2d Cir. 1984). Similarly, the protection extends to the decision to continue a prosecution. See Fields, 920 F.2d at 1119 (citing Schloss v. Bouse, 876 F.2d 287, 290 (2d Cir. 1989)).

The complaint in this case does not expressly allege any actions on the part of the defendant District Attorneys, but suggests that plaintiff may be attempting to state a claim against the Richmond County District Attorney for pursuing charges stemming from his 1994 arrest. However, the Richmond County District Attorney's decisions to initiate and pursue that prosecution were unquestionably made within the scope of the prosecutor's duties as an advocate. Therefore, the District Attorney is immune from any claims relating to those decisions. In addition, plaintiff cannot allege a malicious prosecution claim because he cannot make out a crucial element: that the criminal proceedings were terminated in his favor. The disposition of a criminal case pursuant to CPL §170.55, which authorizes adjournments in contemplation of dismissal, is not considered to be a termination in favor of the criminal defendant. Rothstein, 373 F.3d at 287.

Plaintiff's complaint does not even suggest a claim against the Bronx County District Attorney. However, to the extent that plaintiff seeks to enjoin this, or any other, defendant from investigating or prosecuting him, plaintiff cannot obtain such relief in a §1983 action. "Certainly no citizen ... has a constitutional right to be immune from [a police] investigation when the police receive a report that criminal activity may have taken place." Nevin v. Citibank, N.A., 107 F.Supp.2d 333, 350 (S.D.N.Y. 2000).

Conclusion

Since plaintiff's complaint fails to state a claim upon which relief may be granted, and since even a liberal reading of plaintiff's complaint gives no indication that a valid claim could be stated, this action is hereby dismissed pursuant to 28 U.S.C. §1915A(b). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2005

DORA L. IRIZARRY
United States District Judge